FILED
CHARLOTTE, NC

DEC 1 2 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID SMITH<br>      Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. 3:25-cv-983-MOC<br>) |
| LEXISNEXIS RISK SOLUTIONS INC.<br>Defendant. | )<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.     INTRODUCTION

1.  This is a civil action by Plaintiff DAVID SMITH, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant LEXISNEXIS RISK SOLUTIONS INC. ("LexisNexis" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2.  Defendant is a consumer reporting agency that maintains extensive files on consumers and uses those files to furnish consumer reports to third parties. Plaintiff requested a full file disclosure of all information in his file. Even after Plaintiff provided the identifying information

1

Defendant's processes required, Defendant first. refused to provide any disclosure, and later, when it purported to comply, still failed to provide all information in Plaintiff's file, including categories of "contact and locate" information that Defendant admits it maintains and furnishes to debt collectors, in violation of 15 U.S.C. § 1681g(a)(1).

## II.   JURISDICTION AND VENUE

3.   Jurisdiction of this court arises under 15 U.S.C. 1681(p), and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained of occurred in Charlotte, Mecklenburg County, North Carolina.

## III.   PARTIES

4.   Plaintiff, DAVID SMITH, is a natural person residing in Charlotte, Mecklenburg County, North Carolina. Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a (b) and (c).

5.   Upon information and belief, Defendant LEXISNEXIS is a California entity duly authorized and qualified to do business in the state of North Carolina.

6.     Defendant LEXISNEXIS is a "Consumer Reporting Agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

7.     Upon information and belief, LEXISNEXIS is regularly engaged in the business of compiling, and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    A. Public Record information;

    B. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

    C. For purposes of this complaint, any reference to "Defendant" or "LEXISNEXIS" includes, without limitation, the named Defendants, Its agents, employees, representatives, attorneys, contractors, business associates, partners, successors, predecessors, assigns, affiliates, parents, subsidiaries, officers, directors, managing agents, and any person or entity acting or purporting to act on behalf, with its authorization, ratification, or knowledge. It also includes

3

any fictitiously named defendants, and any other third party that participated in, contributed to, or benefited from the violations alleged in this Complaint, Whether directly or indirectly.

## IV.   FACTS OF THE COMPLAINT

8.   On or about September 15, 2025, Plaintiff submitted a request for his **full file disclosure** (sometimes referred to as a "consumer disclosure" or "Section 609 disclosure") through Defendant's online portal at consumer.risk.lexisnexis.com.

9.   Through that online request, Plaintiff provided all identifying information Defendants form demanded, including: full legal name; current residential address (and mailing address); date of birth; social security number; telephone; and drivers license with issuing state.

10.   The online process did not present or require any document-upload step for images of identification or proof of address; instead, the portal collected the data fields described above and allowed Plaintiff to submit the request only after he completed them.

11.   Defendant acknowledged Plaintiff's online request and assigned it
      reference/case number 25243959, thereby confirming that it had
      received Plaintiff's request for a full file disclosure.

12.   On or about October 7, 2025, Defendant sent Plaintiff a written denial
      stating that it was "unable to authenticate" his identity and refusing to
      provide the requested disclosure.

13.   In that denial, Defendant cited vague and contradictory reasons such as
      "documents were not legible," "no identity verification documents were
      submitted," or "documents did not qualify," even though the online portal
      never requested that Plaintiff upload identity documents and provided
      no option for Plaintiff to submit such documents with his request.

14.   Defendant's denial letter referred back to the same categories of
      identifying information that Plaintiff had already provided through the
      online form, while at the same time refusing to disclose Plaintiff's file
      based on supposed deficiencies that were inconsistent with Defendant's
      own process.

15.   Plaintiff followed Defendant's online instructions and provided all
      information the portal requested. Under these circumstances, Plaintiff
      had provided "proper identification" within the meaning of 15 U.S.C. §

1681h(a), and Defendant was obligated to disclose all information in Plaintiff's file under 15 U.S.C. § 1681g(a)(1).

16. After receiving Defendant's October 7, 2025 denial, Plaintiff took additional steps to comply with Defendant's identity-verification demands. Plaintiff obtained Defendant's mail-in request form for a consumer disclosure, completed that form, and on or about [month/day/year – to be filled in] mailed it to Defendant at the address specified on the form.

17. With this mailed request, Plaintiff enclosed copies of government-issued identification and proof of identity, including a copy of his state driver's license and sufficient identifying information such as his full legal name, current residential address, date of birth, and Social Security number. These materials again constituted "proper identification" under 15 U.S.C. § 1681h(a).

18. Despite Plaintiff's written and mailed request, together with copies of his identification, Defendant failed and refused to provide Plaintiff with a full file disclosure in response to his request.

19. On or about November 5, 2025, after Plaintiff's repeated efforts, Defendant sent Plaintiff a letter stating that it was providing him information "pursuant to Section § 609 of the Fair Credit Reporting Act

(15 U.S.C. § 1681g)" and directing him to use a one-time URL and PIN to access his "LexisNexis Consumer Disclosure Report."

20. In that same November 5, 2025 letter, Defendant also advised Plaintiff that "an affiliate of LexisNexis Risk Solutions Inc. provides debt collectors with 'contact and locate' information about consumers," asserted that such "contact and locate" information "is not a 'consumer report' under the FCRA," and expressly stated that this information "is not enclosed in this mailing," instructing Plaintiff to submit a **separate** request if he wanted to obtain a copy of that report.

21. On information and belief, the "contact and locate" information described in Defendant's November 5, 2025 letter is information maintained in a file about Plaintiff that Defendant or its affiliates furnish to third parties in connection with the collection of debts and other permissible purposes, and therefore constitutes "information in the consumer's file" within the meaning of 15 U.S.C. § 1681a(g) that must be disclosed under 15 U.S.C. § 1681g(a)(1).

22. By withholding the "contact and locate" category from the November 5, 2025 disclosure and requiring a separate request for that information, Defendant failed and refused to provide Plaintiff with **all** information in his file in response to his full file disclosure requests.

7

23. Defendant's refusal to honor Plaintiff's requests was not an isolated clerical error. Defendant first refused to provide any disclosure after Plaintiff submitted proper identification through its online and mail-in processes, and then, even when it purported to comply, Defendant implemented a written policy that intentionally withholds categories of information about consumers from its Section 609/FCRA disclosures, as evidenced by the November 5, 2025 cover letter language regarding "contact and locate" information.

24. Defendant's conduct deprived Plaintiff of access to information in Defendant's files about him and hindered Plaintiff's ability to evaluate the accuracy and completeness of that information and to exercise other rights granted by the FCRA, including his rights to dispute inaccurate information, to request corrections, and to monitor how his information is being used and shared.

## V. DAVID SMITH ACTUAL DAMAGES AND STANDING FROM LEXISNEXIS ACTION AND INACTIONS

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including but not limited to emotional distress, anxiety, frustration, and confusion arising from being unable to determine what information Defendant maintains about him, how that information is being used, and whether it is accurate.

8

26. The confusion and frustration caused by Defendant's contradictory communications and refusal to provide Plaintiff's file have contributed to Plaintiff seeking and attending therapy sessions to address stress, anxiety, and related emotional harm.

27. Plaintiff has also expended time and effort attempting to obtain his file, reviewing Defendant's correspondence, researching his rights under the FCRA, and preparing written requests and follow-up communications.

28. Additionally, Defendant's refusal to provide Plaintiff with "all information in [his] file" has caused informational and privacy harm by denying Plaintiff the specific information that federal law entitles him to receive about himself.

## VI. FIRST CLAIM FOR RELIEF
### (Defendant LEXISNEXIS)
### 15.U.S.C 1681g(a)1

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and (p).

31. On or about September 15, 2025, Plaintiff requested that Defendant provide him with a full file disclosure of all information in his1028!

32. file, as provided in 15 U.S.C. § 1681g(a)(1). As alleged above, Plaintiff provided Defendant with proper identification within the meaning of 15 U.S.C. § 1681h(a), including through Defendant's online portal and by mailing Defendant's written request form together with copies of government-issued identification and other identifying information.

33. Despite receiving Plaintiff's requests and proper identification, Defendant failed to clearly and accurately disclose to Plaintiff all information in his file within a reasonable period of time, in violation of 15 U.S.C. § 1681g(a)(1).

34. Defendant's violations were willful, or in the alternative, negligent, within the meaning of 15 U.S.C. §§ 1681n and 1681o, because Defendant knew or should have known that refusing to provide Plaintiff with his file after he supplied proper identification violated the FCRA.

35. As a result of Defendant's violations of 15 U.S.C. § 1681g(a)(1), Plaintiff has suffered actual damages as described above and is

entitled to recover actual damages, statutory damages, punitive damages, costs of the action, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## VII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID SMITH respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/David Smith

10310   Bradstreet   Commons   Way

Charlotte, NC 28215
815.600.4751 (telephone)
teddyg1989@gmail.com (email)